UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
YOSEF LOWENBIEN
on behalf of himself and
all other similarly situated consumers

Plaintiff,

-against-

TRANSWORLD SYSTEMS, INC.

Defendant.

----------------------------------------------------------

**CLASS ACTION COMPLAINT**

***Introduction***

1. Plaintiff Yosef Lowenbien seeks redress for the illegal practices of Transworld Systems, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

***Parties***

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Ft Washington, Pennsylvania.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

***Jurisdiction and Venue***

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

***Allegations Particular to Yosef Lowenbien***

9. The FDCPA defines "debt" as: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

10. The Court in Romea v. Heiberger & Assocs., 163 F.3d 111 (2nd Cir 1998), specifically held that the FDCPA includes no requirement that a debt be grounded on an extant contractual arrangement. Holding that back rent is defined as "debt" by the FDCPA and rejected defendant's argument that back rent is not a "debt." The Court likened back rent to bounced checks which are also held to be debt as defined by the FDCPA. Bounced checks and back rent arise not from an extension of credit, but rather from a breach of contract and are thus clearly called debt. Plaintiff had a contract with E-ZPass and subsequently breached the contract. The money due is therefore unequivocally "debt" as defined by the FDCPA.

11. In Bass v. Stolper, Koritzinsky, Brewster, & Neider, S.C., 111 F.3d 1322, 1327 (7th Cir. 1997), the Court discussed legislative history of how the word "debt" should be defined and states that it is so inclusive as to even include debt arising from non-credit

transactions, holding "as long as the transaction creates an obligation to pay, a debt is created."

12. Accordingly, since the Plaintiff entered into a contract with E-ZPass, and subsequently breached said contract creating an obligation to pay, this transaction is clearly a "debt."

13. Plaintiff entered into a contract with E-ZPass and breached the contract by not paying E-ZPass, making it a "debt" covered by the FDCPA that arose from a contractual agreement.

14. In fact, EZ-Pass allows its customers to continue to use E-ZPass facilities with a negative balance for up to 60 days and make back payments in the event that the transponder was not working properly.

15. In light of the fact that E-ZPass permits drivers to continue to use their facilities even with a negative balance, the debt at hand is contractual in nature, and is a contractual extension of credit by E-ZPass to Plaintiff.

16. The toll fees are a consensual transaction falling directly within the confines of the FDCPA's definition of "debt."

17. The violation fee is an overdraft protection fee.

18. Plaintiff incurred an administrative fee because he did not comply with the terms of his contractual agreement with E-ZPass.

19. The administrative fee is also clearly considered a debt as defined by the FDCPA.

20. The Plaintiff entered into a contract with E-ZPass which provided a transponder allowing Plaintiff to use the toll booths with an arrangement for deferred payment.

21. In order to pay for the tolls incurred, a credit card was attached to the E-ZPass account which would replenish the balance on a monthly basis.

22. The FDCPA broadly defines debt as "any obligation... arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes..."

23. Plaintiff entered into a consensual contractual arrangement with E-ZPass to enable Plaintiff to more easily and quickly access toll roads and at the time Plaintiff went through the tolls, there was an existing contractual relationship with E-Zpass.

24. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

25. On or about January 24, 2018 Plaintiff received a call from a representative from Transworld Systems, Inc.

26. During the said call, the Plaintiff attempted to dispute the debt over the phone.

27. Defendant informed the Plaintiff that he must put his dispute in writing. Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. N.Y. 2013). (Requiring a consumer to dispute a debt in writing violates the FDCPA.)

28. Defendant stated that there has to be a reason for the dispute.[1]

29. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt.[2]

---

[1] Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. The FDCPA does not give debt collectors the authority to determine unilaterally whether a dispute has merit.), Hoffman v. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. Sept. 13, 1993). (The court held that the FDCPA did not require that the consumer notify the agency of his basis for disputing the debt, or that any stated reason for the dispute had to be one that would relieve the consumer of any part of the liability for the debt. The complaint alleged that the consumer notified the collection agency that the debt was disputed and that the agency did not cease collection of the debt until it obtained verification of the debt. The complaint was sufficient to allege a violation of 15 U.S.C. § 1692g(b). The court also held that the complaint sufficiently alleged a violation of 15 U.S.C. § 1692e(8) by stating that the agency reported the disputed debt to credit agencies without disclosing that it had been disputed. The court noted that " There is no requirement that any dispute be "valid" for this statute to apply; only that there be a dispute." Failure to communicate a dispute whether or not valid will violate 15 U.S.C. § 1692e(8) for failure to communicate that a disputed debt is disputed.)

[2] Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt

30. The FDCPA allows the consumer to orally dispute a debt.[3]

31. Upon information and belief, Transworld Systems, Inc. and its employee as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

32. Upon information and belief, Transworld Systems, Inc. and its employees when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

33. Upon information and belief, Transworld Systems, Inc. and its employee intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA.

34. Upon information and belief, Transworld Systems, Inc. and its employee wrongfully stated to Plaintiff that he could not orally dispute the debt with Transworld Systems, Inc.

35. Upon information and belief, Transworld Systems, Inc. and its employee wrongfully stated to the Plaintiff that he could only dispute a debt in writing.

36. Upon information and belief, Transworld Systems, Inc. and its employee wrongfully stated to the Plaintiff that he must have a reason to dispute a debt.

37. Upon information and belief, Transworld Systems, Inc. and its employee by intentionally denying the Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

38. The Transworld Systems, Inc. employee who spoke with Yosef Lowenbien intended to

---

is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999), DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001), Mejia v. Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute.)

[3] Brady v. The Credit Recovery Company, Inc., 160 F.3d 64 (1st Cir. 1998). (The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time. Credit reporting constitutes an attempt to collect a debt.), See, e.g., Rivera v. Bank One., 145 F.R.D. 614, 623 (D.P.R. 1993). (A creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"), Matter of Sommersdorf., 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991), Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector’s assumption of validity.)

speak the said words to the Plaintiff.

39. The acts and omissions of Transworld Systems, Inc. and its employee done in connection with efforts to collect a debt from the Plaintiff were done intentionally and willfully.

40. Upon information and belief, Transworld Systems, Inc. and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice.

41. As stated above, the Plaintiff incurred an E-ZPass administrative fee.

42. However, the Defendant, during the Defendant's oral communications and a letter communication with the Plaintiff dated January 17, 2018, the Defendant misstated the actual amount of the debt, as it did not itemize the expenses or explain the amount of the debt in any way.

43. The Defendant did not specify the amount of the administrative fee, nor disclose that Defendant was attempting to collect an administrative fee.

44. Since the administrative fee that the Defendant is attempting to collect is a fee in excess of the actual debt, it must be explicitly itemized as such, yet the Defendant chose to withhold such information.

45. The Defendant, by unilaterally determining the amount owed, misstated the actual amount of the debt as it did not indicate that included in the amount due, was an administrative fee that the Defendant was attempting to collect.

46. The Defendant necessarily had to specify separately, an amount that it intended to

charge (or had already charged) as collection fees and not merely lump it together with the total amount due.[4]

47. 15 U.S.C. § 1692e of the FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."
>
> (2)(A) "the character, amount, or legal status of any debt[.]"

48. 15 U.S.C. § 1692f of the FDCPA states:

> "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

49. The Defendant mislead the least sophisticated consumer, as at no point during any of the Defendant's January 17, 2018 letter, did it explain that it is seeking to recover collection fees.

50. The only way for a consumer to ascertain as to how the total amount due had been calculated by the Defendant would be to call up the Defendant and have the Defendant clarify it accordingly, as it was with the case of the Plaintiff.

51. The Defendant's actions gives a false impression of the character of the debt.

52. The Defendant was supposed to itemize the various charges that comprise the total amount of the debt.

53. Upon information and belief, it is the Defendant's pattern and practice to use false, deceptive, or misleading representations when collecting debts from debtors.

54. Upon information and belief, it is the Defendant's pattern and practice to not itemize the

---

[4] See Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 564 (7th Cir. 2004). (failed to disclose that $388.54 debt included claim for $250 attorney collection fee), Dowdy v. Solutia Healthcare TAS, Inc., No. 1:05-0090, 2006 U.S. Dist. LEXIS 88899, 2006 WL 3545047 at *7-9 (M.D. Tenn. Dec. 7, 2006) (citing Fields and concluding that defendant's collection letter violated § 1692e when it failed to clearly reflect the addition of the collection costs to the "principal balance" owed), Richard v. Oak Tree Group, Inc., 614 F. Supp. 2d 814 (W.D. Mich. 2008). (The inclusion of unaccrued collection agency fees hidden within the stated amount of the debt violated §1692e(2)(A), (B), and § 1692f(1).)

expenses or explain the amount of the debt in any way.[5]

55. Defendant falsely represented the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A) and 1692e(2)(B).

56. In addition, the administrative fee the Defendant unfairly sought to collect was unauthorized in violation of 15 U.S.C. § 1692f(1).

57. The administrative fee was not expressly authorized by the agreement, nor permitted by law.

58. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A), 1692f and 1692f(1) for failing to specify the amount of the administrative fee, and for failing to disclose that Defendant was attempting to collect an administrative fee.

59. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

60. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

61. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

62. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

63. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

64. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

65. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of

---

[5] Acik v. IC System, Inc., 640 F. Supp. 2d 1019 (N.D. Ill. 2009). (The court held that the debt collector's letter would leave even a sophisticated consumer guessing as to what the "Additional Client Charges" label represented. The question under 15 U.S.C.S. § 1692e was not whether these charges were fair or proper, but whether the fees were clearly and fairly communicated so that the consumer could ascertain the fees' validity.)

their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

66. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

67. As an actual and proximate result of the acts and omissions of Transworld Systems, Inc. and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

**AS AND FOR A FIRST CAUSE OF ACTION**

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

68. Plaintiff re-states, re-alleges and incorporates herein by reference, paragraphs one (1) through sixty seven (67) as if set forth fully in this cause of action.

69. This cause of action is brought on behalf of Plaintiff and the members of two classes.

70. Class A consists of all persons whom Defendant's records reflect resided in the State of New York who communicated with Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the Defendant denied the Plaintiff the right to dispute the debt verbally; and (b) the Defendant made false statements in violation of 15 U.S.C. §§ 1692e(8) and 1692e(10).

71. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to Plaintiff on or about January 17, 2018; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A), 1692e(2)(B), 1692f and 1692f(1) for failing to specify the amount of the collection fee, and for failing to disclose that Defendant was attempting to collect a collection fee.

72. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that a form collection letter and an oral communication is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters and faced such oral communications with the Defendant (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

73. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

74. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

75. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

***Violations of the Fair Debt Collection Practices Act***

76. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

77. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

**AS AND FOR A SECOND CAUSE OF ACTION**

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on an individual basis***

78. Plaintiff re-states, re-alleges, and incorporates herein, any and all paragraphs in this action, that reference the Plaintiff being unable to dispute the alleged debt verbally.

79. That on or about January 24, 2018, the Plaintiff received a call from a representative at Transworld Systems, Inc..

80. During the call, the Plaintiff attempted to dispute the debt, yet the Defendant would not accept the dispute.

81. Defendant also informed the Plaintiff that he must put his dispute in writing.

82. Defendant stated that there has to be a reason for the dispute.

83. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt.

84. The FDCPA allows the consumer to orally dispute a debt.

***Violations of the Fair Debt Collection Practices Act***

85. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

86. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff is entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
January 24, 2019

/s/ Adam J. Fishbein

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

/s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

P.O. Box 15618
Wilmington, DE 19850-5618
926.5519.EDGV1

TRANSWORLD SYSTEMS INC.
5626 FRANTZ ROAD
DUBLIN, OH 43017
1-800-234-3550

Calls to or from this company may be monitored or recorded.

Date: January 17, 2018
Our Account #: [redacted]17
Creditor: MTA BRIDGES AND TUNNELS
Current Balance Due: $234.00
This Balance is a Sum of Balances from 2 Account(s).

See additional page(s) for account detail.

Notice: See Reverse Side For Important Information.

YOSEF LOWENBEIN

MTA BRIDGES AND TUNNELS has placed your account(s) with this office for collection. This is a request for payment. Please return the lower section of this notice, or a copy thereof, with your payment.

Make your check or money order payable to TRANSWORLD SYSTEMS INC. and mail it in the enclosed envelope.

For more information, go to http://www.e-zpassny.com and click on "Violations".

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Office Hours: Monday through Thursday 8:00am to 9:00pm, Friday 8:00am to 5:00pm, Saturday 8:00am to 12:00pm (ET)

Contact Jamie Allen at TRANSWORLD SYSTEMS INC. This collection agency is licensed by the Department of Consumer Affairs of the City of New York; License # 2012412-DCA.

If you have an income tax refund, perhaps you can use the proceeds to pay this account.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Our Account # | Current Balance Due |
|---|---|
| [redacted]217 | $234.00 |

YOSEF LOWENBEIN

Payment Amount

$ .



2 of 2

Check here if your address has changed and print your new address in the space provided below.

Make Payment To:

TRANSWORLD SYSTEMS INC.
PO BOX 15110
WILMINGTON, DE 198505110

PAR-301-A-0

P5519
850